UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| In re: ) | |
| ) | |
| M. STEPHEN MINIX, SR., ) | |
| ) | |
| Movant, ) | Action No. 5:18-cv-212-JMH |
| ) | |
| v. ) | |
| ) | |
| ) | |
| CHARITY STONE, and ) | |
| JAMES D. LYONS, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Respondents. ) | |
| ) | |

\* \* \*

This matter is before the Court upon Movant's Motion to Alter or Amend [DE 8] the Court's Memorandum Opinion and Order dated July 27, 2018. Respondents filed Objections to this motion [DE 9] and Movant replied [DE 10]. The motion is ripe for a decision. For the reasons stated herein, Movant's motion is DENIED.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments . . .

that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. through Stivers v. Ky. Dept' of Educ.*, 690 F. App'x 906, 906-7 (6th Cir. 2017) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Minix does not identify any clear errors of law in the Court's prior ruling. He further fails to identify new evidence or a change in the law which would require the Court to alter or amend its Judgment. Finally, Minix has not shown that a manifest injustice occurred. Movant Minix claims Charity Stone has not presented expert testimony to support her claim for emotional distress in the state court proceeding. As the Court previously held, "this Court has no jurisdiction to make any rulings related to the personal injury case currently working its way through the Kentucky appeals courts." [DE 8, p. 2].

Minix next argues he has a right to a jury trial in the district court. It appears this is a renewed request to withdraw the referral. The undersigned exhaustively addressed this argument in the Memorandum Opinion and Order dated July 27, 2018. Specifically, the Court weighed the six factors to determine whether discretionary withdrawal was warranted, and found it was not warranted, primarily because "the bankruptcy petition and adversary proceeding involve the administration of the estate and

2

the dischargeability of the judgment against Minix," and the bankruptcy court has been handling those matters since September 2017. To the extent Minix now attempts to revive this request to withdraw the reference by making a jury demand, the claim is dead on arrival. Litigants are required to make a demand for a jury trial by written demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "Pleadings" are defined in Rule 7(a), and the latest pleading the bankruptcy adversary proceeding was filed on May 14, 2018. See *Stone v. Minix (In re Minix)*, AP No. 18-05003-tnw (Bankr. E.D.Ky. 2018). Therefore, Minix should have made his jury demand within 14 days of May 14, 2018, not on August 16, 2018. Furthermore, the Seventh Amendment confers no right to a jury trial on a debtor who voluntarily files for bankruptcy and is a defendant in a dischargeability adversary proceeding. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958 (6th Cir. 1993).

Minix finally argues that the state court case is on appeal, therefore the Bankruptcy adversary proceeding is premature. This appears to be an argument asking the district court to intervene in the bankruptcy proceeding. As discussed in the Court's Memorandum Opinion and Order dated July 27, 2018, there is no constitutional violation which would require this Court to withdraw the reference. The Court analyzed in detail in its prior opinion the factors for discretionary withdrawal of the reference,

and the bankruptcy case at issue did not satisfy those factors. Nothing has changed in the law or facts since the Court's prior Memorandum Opinion and Order.

Accordingly, for the reasons stated herein and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the Movant's Motion to Alter or Amend [DE 8] be, and the same hereby is, **DENIED**.

This the 17th day of January, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge